### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JASON ROBB,

      Petitioner,

    v.                                  **Case No. 2:02-cv-535**
                                              **JUDGE ALGENON L. MARBLEY**
**TODD ISHEE, Warden,**               **Magistrate Judge Norah McCann King**

      Respondent.

### OPINION AND ORDER

Petitioner Robb, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter came before the Court for a status conference on Thursday, March 15, 2012, following a consolidation of the instant case with those of Inmate-Petitioner Siddique Abdullah Hasan, f.k.a. Carlos Sanders ("Hasan"), and Inmate-Petitioner James Were, n.k.a. Namir Abdul Mateen ("Were"), for the limited purpose of discovery management.  The Court orders the following pursuant to that conference.

**Protective Order.**  Due to the sensitive nature of the documents and materials that are being produced during discovery, this Court issued a Stipulation and Protective Order on December 2, 2005, binding all counsel for Petitioner Robb and the Respondent-Warden.  (ECF No. 53.)  On February 13, 2008, the Court modified the protective order to add counsel for Were. (ECF No. 104.)  The Court now hereby modifies the protective order (ECF No. 53) again to add all counsel for Hasan.

**Procedure.**  These cases have been consolidated with *Robb* solely for the limited purpose of discovery management.  Accordingly, this Court will not issue rulings on substantive discovery requests for either Hasan or Were; the decision of whether or to what extent Hasan and Were are entitled to conduct discovery remains the sole province of the District Judges to whom

those cases have been assigned: Judge Dlott in *Hasan* (Case No. 1:03-cv-288) and Judge Watson in *Were* (1:10-cv-698). Judge Dlott has already issued an order entitling Hasan to conduct considerable discovery. Should Hasan see a need to request additional discovery or to modify the existing discovery order, he should address that motion to Judge Dlott. Were has not yet filed any formal motions for discovery. If and when Were seeks to file a motion for leave to conduct his own discovery, he should address that motion to Judge Watson.

Any motions, requests, or notifications of a procedural nature concerning the facilitating and furnishing of discovery should be addressed to this Court, filed in this case (*Robb*) and captioned under this case number (Case No. 2:02-cv-535). Should Hasan or Were file any such motions, requests, or notifications, they should also provide notice to the District Judge to whom their case has been assigned. When this Court receives any such motions, requests, or notifications on behalf of Hasan or Were, it will determine at the outset whether the pleading contains a request of a substantive nature. If the Court answers that query in the positive, it will transfer the request to the respective District Judge to whom the habeas corpus case has been assigned.

During the conference, an initial production schedule was agreed upon as follows. Within one week, counsel for Robb will produce to counsel for Hasan all documents and disks that Respondent has already produced to Robb. At some point after counsel for Hasan have reviewed those materials, Hasan's counsel will make arrangements with Respondent's counsel to visit the warehouse in which the Ohio State Highway Patrol ("OSHP") maintains all materials connected to the Lucasville riot prosecutions to obtain any additional materials within the scope of Judge Dlott's discovery order. Counsel for Were are permitted to join Hasan's counsel for any such visit(s).

**Future Conferences.** Although the Court does not seek to micro manage discovery and respects that the volume of materials involved dictates that it may require a lengthy amount of time to complete discovery, the Court does intend to ensure that discovery proceeds without

2

undue delay.  Accordingly, the Court will schedule another discovery status conference six (6) months from the date of this order to ascertain from the parties where the discovery process stands.  The Court will then conduct status conferences every six (6) months after that as needed.

The Court **DIRECTS** the Clerk to file this motion not only in this case (Case No. 2:02-cv-535), but also in Case No. 1:03-cv-288 and Case No. 1:10-cv-698.

**IT IS SO ORDERED.**

      s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**

**Date:  March 26, 2012**