# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAMES WERE,
   N.K.A. NAMIR ABDUL MATEEN

      Petitioner,

v.

DAVID BOBBY, Warden,

      Respondent.

Case No. 1:10-cv-698
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner Mateen, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Movant Jason Robb's Motion for Clarification of Order of June 24, 2019, ECF No. 229. ECF No. 153-1.[1] Also before the Court are the Warden-Respondent's Response, ECF No. 154, and Movant Robb's Reply, ECF No. 155-1.

Following a discovery conference on June 12, 2019, which included the Undersigned, Honorable Chief Judge Algenon L. Marbley, the Honorable

---

[1] Movant Robb originally filed his pleadings in his own habeas corpus case—*Robb v. Ishee*, Case No. 2:02-cv-535—assigned to Chief District Judge Algenon L. Marbley. But as Movant Robb seeks clarification of an Order that the Undersigned issued in the instant case, Movant Robb also filed his motion and reply in the instant case. All references to the parties' pleadings will be to the ECF No. assigned in the instant case, not in Movant Robb's case, unless otherwise specified.

Elizabeth P. Deavers, the Honorable Kimberly A. Jolson (via telephone), and the Honorable Michael R. Merz (via telephone), this Court, on June 24, 2019, issued an order memorializing that conference. ECF No. 152. Specifically, the Court established certain procedures for all affected parties—Petitioner Mateen, the Warden, and Intervenor-Petitioners—to follow in connection with the Stipulation and Protective Order ("Protective Order") that Chief Judge Marbley issued in *Robb v. Ishee*, Case No. 2:02-cv-535, ECF No. 57. This Court's June 24, 2019 Order was also filed in the *Robb v. Ishee* and *Hasan v. Ishee*, Case No. 1:03-cv-288, cases. ECF No. 152, at PageID 23671.

The Protective Order at issue provides in relevant part:

> This Stipulation and Protective Order governs the use and protection of information or documents which are obtained by counsel for Petitioner pursuant to the Court's Discovery Order entered on September 16, 2004, *and which contain the identities of Inmates who have cooperated with the State of Ohio in the investigation and prosecution of participants in the disturbance at the Southern Ohio Correctional Facility in Lucasville, Ohio that occurred on April 11, 1993 – April 21, 1993 (hereinafter, "Inmates")*, whether contained in documents, deposition testimony, deposition exhibits, electronic data, videocassette recordings, audio recordings, or any other written, recorded or graphic matter produced by Respondent, together with any and all information contained therein.

*Robb v. Ishee*, Case No. 2:02-cv-535, ECF No. 57 (emphasis added). Movant Robb's motion for clarification/modification targets the following provisions of this Court's June 24, 2019 Order:

> 1.  Lead counsel for Respondent, Petitioner Mateen, Petitioner Robb, and Petitioner Hasan shall create an "Attorneys'

2

Eyes Only" pseudonym list, using numbers as identifiers, starting with the number 1, for each of the Inmates who are entitled to anonymity under the Stipulation and Protective Order. That pseudonym list is hereby governed by the Stipulation and Protective Order. Should the pseudonym list need to be filed in any of these cases, it shall be filed under seal. As to all future pleadings, briefings, and/or exhibits containing any information that could lead to the identification of cooperating Inmates (hereinafter "confidential material"), the pleadings shall be filed publicly with the Inmate's name and identification number replaced by a pseudonym number that corresponds with that Inmate on the confidential "Attorneys' Eyes Only" pseudonym list from which the attorneys in these cases will operate going forward, and any other identifying information redacted, while any supporting exhibits that contain confidential information shall be filed under seal. Any pleading containing confidential information that is filed in this redacted form shall identify, by Bates stamp or other form, each of the sealed exhibits upon which the pleading relies.

    4. Counsel's ability to share any pleadings or evidence that contain confidential material with their clients continues to be governed by 4(b) of the Stipulation and Protective Order. To be clear, as to each and every pleading or piece of evidence containing confidential information that counsel wishes to share with his or her client, counsel shall be required to obtain prior leave from the Judge presiding over his or her case and then give Respondent at least seven (7) days' written notice of which Inmates' identities will be disclosed.

ECF No. 153-1, at PageID 23681-85.

As to Paragraph 1, Movant Robb seeks clarification on the universe of inmates who are entitled to anonymity under the Protective Order, asserting that the absence of specificities leaves that list both over-inclusive in some respects and under-inclusive in other respects. *Id.* at PageID 23681-83. Movant Robb points out that, of the several hundred inmates who were interviewed following

3

the Lucasville Riot, some gave cursory statements or no statements at all, while others gave extensive statements but never testified at trial. Movant Robb also asserts that the Protective Order is not clear as to whether it applies to the class of inmates who testified in open court and whose identities are therefore known to all. Finally, Movant Robb questions whether inmates who were interviewed but have since passed away should be covered by the Protective Order and whether the passage of time mitigates the need to strictly protect the anonymity of every inmate who may have cooperated with authorities.

In response, the Warden maintains "that *each* inmate that cooperated in the investigation should get a pseudonym number." ECF No. 154, at PageID 23689 (emphasis in original). "There were simply too many trials," the Warden explains, "for an accurate determination of which inmates' identities are already known and which are not." *Id.* To that point, the Warden suggests that even inmates who testified at one or more trials should be assigned a pseudonym number and that, by motion to the Court, a movant could seek to have that inmate be referred to by his name instead of his pseudonym number. *Id.* The Warden continues as follows:

> [T]he Warden proposes that the pseudonym list be prepared from the list in possession of the undersigned Counsel, with consultation from the counsel for the various inmates to ensure as complete a list as possible. If an inmate is found that is not currently on the list, that [sic] the list would then be supplemented and that additional inmate would be given the next available number. The list should be prepared without regard to which cooperating inmates testified, if the

4

cooperating inmate is currently in DRC custody, or if the cooperating inmate is even still alive.

*Id.*, at PageID 23690.

In his Reply, Movant Robb takes issue with several aspects of the Warden's proposal. ECF No. 155-1. First, as to the Warden's proposal that inmates who testified at trial be assigned a pseudonym number and have their identities revealed only upon a motion to the Court, Movant Robb asserts that "[t]his procedure represents a step backward" because "[t]he names of inmates who have testified in all of the Lucasville trials are in the public record." *Id.* at PageID 23696-97. Movant Robb insists that "[d]etermining the names of the cooperating inmates who actually testified and who therefore are no longer in need of anonymity is not too great a burden to put on the parties." *Id.*, at PageID 23697. Movant Robb also opposes any suggestion "that Petitioners Robb, Hasan, and Mateen could only have access to the public names of cooperating inmates who testified in their own cases." *Id.* Finally, Movant Robb maintains that, regardless of the amount of work it would take and delay that would ensue, the names of cooperating inmates who are now deceased should not be kept secret. *Id.* at PageID 23698.

This Court's June 24, 2019 Order was a first attempt at creating a procedure for the filing, sharing, and other use of evidence containing confidential information that would allow maximum and faithful compliance with

5

the Protective Order without an overreliance on redaction and/or filing of documents under seal. But the Court undertook that endeavor in something of a vacuum, not having nearly the familiarity with the universe of inmates involved, or the unique circumstances of each inmate's involvement, as the parties obviously do. It is evident that the parties are in a far better position than the Court to develop a procedure for anonymizing cooperating inmates' identities that best serves the interests and rights of the petitioners and the Wardens/State of Ohio.

The Court accordingly **DIRECTS** counsel for Movant Robb, as well as counsel for any other petitioners and/or intervenors bound by the Protective Order who wish to participate, and counsel for the Warden, within sixty (60) days of the date of this Order, to jointly propose a procedure for anonymizing cooperating inmates' identities that satisfies all of the participating litigants. Although it is incumbent upon the parties to craft a procedure, the Court offers a few points of guidance.

First, there is surface appeal to Movant Robb's request to permit the public docket to reflect the names of cooperating individuals who have passed away. However, it appears obvious that a real security concern could exist for those individuals' families. Thus, to the extent that deceased inmates' cooperation was not already a public fact, it seems more than reasonable to continue those inmates' anonymity.

Second, with respect to Movant Robb's desire to deny anonymity to any

6

cooperating individual who has testified in *any* case, the Court recognizes the counter position that the fact that an inmate testified at one case does not mean that a petitioner in the case before this Court necessarily knows of that cooperation. A cooperating inmate could therefore face threats of intimidation by or on behalf of any petitioners in these cases should that inmate's previously unknown identity become known. That said, once a person testifies in a trial, that fact is public. Any petitioner in any of these cases could discover that information, and, because it is public, there is no justification for sealing it. The Court is loath to make it more difficult for a litigant or the public to discover already-public information. That such information is already available to the public appears to be all that is necessary to preclude anonymizing that information in any of these cases.

The parties may contact the Undersigned or Chief Magistrate Judge Deavers to resolve any unbridgeable conflicts, but the Court strongly encourages the parties to exhaust all possible efforts at resolving conflicts on their own before opting for the last resort of reaching out to the Court. Movant Robb's motion for clarification of paragraph 1 of the Court's June 24, 2019 Order is, accordingly, **DENIED** without prejudice.

Additionally, Movant Robb requests clarification specifically as to paragraph 4. He requests clarification in two regards. First, "Robb requests clarification that there is no prohibition on sharing the identities of cooperating

7

witnesses whose identity is already known to Petitioner Robb due to their previously having testified in open court." ECF No. 153-1, at PageID 684. Second, "Robb further seeks clarification of Paragraph 4 that once the 'Attorneys Eyes Only' pseudonym list is finalized, counsel should be able to share otherwise confidential documents with their clients, provided counsel follows the appropriate steps to anonymize the names of protected Inmates[.]" *Id.* To that point, Movant Robb proceeds to lay out the steps he proposes to take to appropriately anonymize protected inmates. *Id.* at PageID 23685.

"The Warden strongly opposes this suggestion." ECF No. 154, at PageID 23690. "While the cooperating inmate's name may be redacted," the Warden asserts, "their identity could be readily apparent to Petitioners based on the context of the reports or documents." *Id.* The Warden accordingly requests that the provisions originally set forth in the Protective Order governing whether or to what extent any petitioner's counsel may share evidence with confidential information remain in full force. *Id.*

In reply, Movant Robb argues that the Warden fails to explain how the identity of the cooperating inmate will be readily apparent. ECF No. 155-1, at PageID 23698. Movant Robb proceeds to reiterate why, if an inmate's name in a document that counsel wishes to share with his or her petitioner-client is appropriately anonymized by having it replaced with a numerical pseudonym, counsel should be able to share that document with his or her client without

8

following the procedures originally set forth in the Protective Order because the document would no longer identify the cooperating inmate by name. *Id.* at PageID 23699; ECF No. 153-1, at PageID 23685. Movant Robb's assertions are not well taken.

As a preliminary matter, the Court believes that any concerns on the part of Movant Robb as to sharing the identities of inmates who testified at one or more trials can be addressed when the parties devise a joint proposal for anonymizing cooperating inmates' identities that satisfies all of the participating litigants.

Movant Robb's remaining request is that once a document containing confidential information is sufficiently anonymized by substituting a numerical pseudonym for a cooperating inmate's name, counsel should be free to share that anonymized document with his or her client without any other restrictions. That request is **DENIED**. The Court agrees with the Warden that a cooperating inmate's identity may be discernable not just by his name, but by other contextual information. For example, a cooperating inmate whose name has been replaced by a numerical pseudonym may nonetheless be identifiable by a petitioner in these cases by virtue of the inmate's account as to where he was at any particular time, and what he observed. In fact, the Court accounted for this possibility in its June 24, 2019 Order when it provided that any future filings containing "confidential information" should not only substitute a cooperating

inmate's name with a numerical pseudonym, but also possibly redact "any other identifying information. . . ." ECF No. 152, at PageID 23668-69. That being so, the Court sees no undue inequity or burden in requiring Petitioners' counsel to continue to follow the provisions originally set forth in the Protective Order governing whether or to what extent counsel may share any evidence containing confidential information with his or her petitioner-client. Movant Robb's motion for clarification in this regard, to the extent it constituted a request to modify paragraph 4, is accordingly **DENIED**.

For the foregoing reasons, Movant Robb's Motion for Clarification, ECF No. 153-1, is **DENIED** as set forth above. The Court **DIRECTS** counsel for Movant Robb, as well as counsel for any other petitioners and/or intervenors bound by the Protective Order who wish, and counsel for the Warden, within sixty (60) days of the date of this Order, to jointly propose a procedure for anonymizing cooperating inmates' identities that satisfies all of the participating litigants.

The Court **DIRECTS** the Clerk to file this Opinion and Order in the instant case and in the following additional cases: *Robb v. Ishee*, Case No. 2:02-cv-535 and *Hasan v. Ishee*, Case No. 1:03-cv-288.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**