UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES WERE
  N.K.A. NAMIR ABDUL MATEEN,

  Petitioner,

v.

DAVID BOBBY, Warden,

  Respondent.

Case No. 1:10-cv-698
Judge Michael H. Watson
Magistrate Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending

before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This

matter is before the Court following an Order directing the parties to brief whether

Ohio Revised Code Section 2953.23 ("Section 2953.23") is an independent and

adequate state ground, sufficient to procedurally default Petitioner's Brady[1] claim,

following the Ohio Supreme Court's opinion in State v. Bethel, 167 Ohio St. 3d

362 (2022).  ECF No. 192.  For the following reasons, the Court concludes that

Section 2953.23 is not independent of federal law and does not procedurally

default Brady claims that were dismissed by the Ohio state courts after Bethel.

For Petitioner's Brady claim, which was barred by the Ohio state courts based on

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

Section 2953.23 <u>before</u> the *Bethel* decision, any putative procedural default will be excused if Petitioner can show that his *Brady* claim is meritorious.

## I.    RELEVANT PROCEDURAL HISTORY

On October 8, 2010, Petitioner initiated the instant habeas proceedings. ECF Nos. 1 & 2. Petitioner filed his Petition, an Amended Petition, a Second Amended Petition, a Third Amended Petition, and a Fourth Amended Petition. ECF Nos. 23, 28, 67, 92, 199.

In the midst of those filings, Petitioner returned to state court with a successive postconviction petition filed in the Hamilton County Court of Common Pleas. ECF No. 175-1 at PAGEID ## 23894–24057; ECF No. 175-7 at PAGEID ## 27616–27809. Petitioner asserted a *Brady* claim therein that he also asserted in this matter (as Claim Three). ECF No. 92 at PAGEID ## 2731–2777; ECF No. 199 at PAGEID ## 30380–30418. The Hamilton County Court of Common Pleas granted summary judgment for the state, dismissing Petitioner's successive postconviction petition for failing to meet the jurisdictional requirements of Section 2953.23. ECF No. 175-9 at PAGEID ## 29249–29250.

The Court of Appeals for the First Appellate District of Ohio ("appellate court") affirmed the dismissal. ECF No. 175-10 at PAGEID ## 29610–29618. The appellate court found that the dismissal was appropriate because Petitioner's claims could not satisfy Section 2953.23 (A)(1)(b), which requires an outcome-determinative constitutional violation. *Id.* at PAGEID # 29614. It elaborated that the Supreme Court of Ohio, when rejecting Petitioner's

sufficiency of evidence claim on direct appeal, characterized the evidence of guilt at trial as "extensive." *Id.* at PAGEID # 29615.

The Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal, ECF No. 175-10 at PAGEID # 30121, and the United States Supreme Court denied certiorari, ECF No. 151.

Petitioner moved for a stay and abeyance of the federal proceeding, arguing that the Supreme Court of Ohio's 2022 *Bethel* opinion rendered his federal *Brady* claim unexhausted because of the opinion's expansive interpretation of Section 2953.53(A)(1) and Criminal Rule 33.[2]  ECF No. 182.

This Court denied Petitioner's Motion to Stay and Abey.  ECF No. 192.  It concluded that *Bethel* did not render Petitioner's *Brady* claim unexhausted and that resubmission of a claim to the state courts was unnecessary when the state courts already had a full opportunity to determine the federal constitutional issues.  The Order also recognized, however, that *Bethel* may impact this Court's treatment of Section 2953.23 as an independent and adequate state ground for purposes of procedural default because it appears to rely on and be inextricably interwoven with federal law.  *Id.* at PAGEID ## 30327–30329.

---

[2] Were also argued that Claims Two and Ten were subject to a stay due to *State v. Bethel.*  He does not contend in his brief, ECF 302, nor does the Court find, that *State v. Bethel* applies to any type of claim other than a *Brady* claim.

## II.     POSITIONS OF THE PARTIES

In response to the Court's directive, the parties briefed the issue.  ECF Nos. 202, 203.  Petitioner argues that Section 2953.23 is a state procedural rule "coexistent with the elements of a *Brady* claim" and, thus, is not independent of federal law.  ECF No. 202 at PAGEID # 30594.  Respondent argues that the issue is purely academic because Respondent has not yet asserted a procedural default defense.  ECF No. 203 at PAGEID ## 30598, 30601–30602.  Respondent further argues that *Bethel* did not negate the independence and adequateness of the state procedural rule because it held that only part of the statute— Section 2953.23(A)(1)(a)—was coterminous with *Brady*.  *Id.* at PAGEID ## 30601–30606.[3]

## III.     ANALYSIS

The questions here are whether Section 2953.23 remains an independent and adequate state ground for purposes of procedural default following the *Bethel* decision, and how the section should apply to Petitioner's Claim Three.

As an initial matter, it is not premature to address the issue now.  The parties jointly requested that the Court address this issue before Respondent responds to Petitioner's Fourth Amended Petition.  ECF No. 193.  Furthermore,

---

[3] Respondent also argues that Petitioner conceded during state court proceedings that he could not meet the requirements of Section 2953.23.  *Id.* at PAGEID # 30606. Petitioner's state-court concessions are not pertinent to the Court's analysis of whether, under federal law, Section 2953.23 is an independent and adequate state ground. *See Lee v. Kemna,* 534 U.S. 362, 375 (2002) (finding that the determination of whether a particular state procedure is "independent" of federal law is a question of federal law).

while Respondent may not have formally asserted procedural default yet, Respondent does not suggest an intention to waive the defense. The Court therefore proceeds to the issues.

A federal habeas court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). This principle is commonly referred to as the adequate and independent state ground doctrine, and it applies to procedural and substantive state rules. *Walker v. Martin*, 562 U.S. 307, 315 (2011).

There are, however, circumstances when a state's procedural rule does not constitute an "independent" ground that will bar a federal habeas court's consideration of a federal claim. "When application of a state law bar 'depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and [] jurisdiction is not precluded.'" *Foster v. Chatman*, 578 U.S. 488, 497–98 (2016) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). When the "state has made application of the procedural bar depend on an antecedent ruling on federal law, that is, on the determination of whether federal constitutional error has been committed . . . . [the procedural bar] consequently does not present an independent state ground for the decision rendered." *Ake*, 470 U.S. at 75.

The Supreme Court applied this principle in *Foster v. Chatman*, where it held that Georgia's application of res judicata to the petitioner's *Batson*[4] claim was not independent of federal law.  578 U.S. at 498.  The Supreme Court reached this conclusion because the state court engaged in a lengthy analysis of the merits of the underlying *Batson* claim before determining whether to apply the procedural bar.  *Id.*; *see also, Brecheen v. Reynolds*, 41 F.3d 1343, 1354 (10th Cir. 1994) (holding that the petitioner's prosecutorial misconduct claim was not barred "because th[e] state procedural ruling is dependent on an antecedent ruling of federal law, the state-law prong of the court's holding is not independent of federal law." (internal quotation marks and citations omitted)); *Green v. Travis*, 414 F.3d 288 (2d. Cir. 2005) (holding that the petitioner's claim was not foreclosed because the state appellate court merged the claim preservation issue with the test for a *prima facie Batson* claim); *Borden v. Allen*, 646 F.3d 785, 816 (11th Cir. 2011) (holding that the petitioner's ineffective assistance of counsel claim was not procedurally defaulted because the "Alabama court's consideration of the sufficiency of the pleadings . . . necessarily entails a determination on the merits of the underlying claim[.]").

This Court's March 15, 2023, Order described the impact of *Bethel* on Ohio's application of Section 2953.23:

> The Supreme Court of Ohio found in *Bethel* that, to meet the "unavoidably prevented" jurisdictional requirement of Ohio Revised Code § 2953. 23(A)(1)(a), the petitioner need only show that the claim

---

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

was based on information suppressed by the prosecution. The Supreme Court of Ohio concluded that the trial court erred when it imposed a diligence standard on Bethel that was inconsistent with *Brady*.

The Supreme Court of Ohio also found that the second jurisdictional requirement, Ohio Revised Code § 2953. 23(A)(1)(b), "goes to the heart of *Brady's* third prong, which requires [the petitioner] to show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bethel was not required to show that the evidence would have resulted in acquittal; only that it would have undermined the confidence in the outcome of his trial. . . .

The Supreme Court of Ohio found that Ohio Revised Code § 2953.23 set the jurisdictional bar so high that certain meritorious *Brady* claims would never be heard through Ohio's postconviction process. To remedy this problem, *Bethel* concluded that Ohio Revised Code § 2953. 23(A)(1) should be interpreted coextensively with *Brady*.

ECF No. 192 at PAGEID ## 30320–30321 (internal citations omitted); *Were v. Bobby*, No. 1:10-CV-698, 2023 WL 2522837 (S.D. Ohio Mar. 15, 2023).

The Supreme Court of Ohio unquestionably relied on a federal *Brady* analysis as controlling the outcome of the state procedural bar. It did so for both Sections 2953 "(A)(1)(a)" and "(A)(1)(b)." Thus, Section 2953.23 is not independent of federal law and does not default *Brady* claims dismissed by Ohio state court decisions rendered after *Bethel*. It is less clear, however, whether the same conclusion applies to *Brady* claims in Ohio that were dismissed pursuant to Section 2953 before *Bethel* was decided.

As noted in this Court's March 15, 2023, Order, nearly four years before the Supreme Court of Ohio decided *Bethel*, the First District Court of Appeals

held that jurisdiction was lacking over Petitioner's successive postconviction claims based on his inability to satisfy the "outcome determinative" prong of Section 2953.23(A)(1)(b):

> Thus, Were's intellectual-disability, prosecutorial-misconduct, and ineffective-counsel claims, when considered with the files and records of the case cannot be said to demonstrate by clear and convincing evidence that, but for the constitutional errors alleged in those claims, no reasonable factfinder would have found him guilty of aggravated murder or kidnapping or eligible for the death sentence. Because with respect to those claims, Were did not satisfy the RC. 2953. 23(A)(1)(b) jurisdictional requirement, the common pleas court had no jurisdiction to entertain them.

ECF No. 175-10 at PAGEID ## 29615–29616.  This quotation demonstrates that the last reasoned state-court decision that determined Petitioner's *Brady* claim was barred by Section 2953.23 does not appear to apply the statute in such a way that is interwoven or coextensive with federal law.

Although *Bethel* did not expressly overrule *State v. Were* (or any other case that was decided on the "outcome-determinative" prong of Section 2953.23 "(A)(1)(b)"), it appears to have effectively overruled those cases by holding that Section 2953.23(A)(1)(b) "goes to the heart of *Brady's* third prong . . . ." *Bethel*, 167 Ohio St. 3d at 369-370.  In *Bethel*, the Supreme Court of Ohio went on to stress that a petitioner asserting a *Brady* claim is not required to show that disclosure of the suppressed evidence would have resulted in an acquittal; rather, the petitioner must show only that the suppression of the evidence "undermines the confidence in the outcome of the trial." *Id.* at 370 (citing *Kyles v. Whitley*, 514 U.S. 419, 434).

In the Sixth Circuit, a district court must undertake a four-part analysis when the state argues that a federal habeas claim is barred by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must decide that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must decide whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a petitioner did not comply with a state procedural rule, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.*

Arguably, the First District Court of Appeals' opinion dismissing Petitioner's *Brady* claim on Section 2953.23(A)(1)(b) grounds fails the first part of the *Maupin* test. If the First District Court of Appeals used the incorrect analysis, then Petitioner may not have "failed to comply" with the statute. *See Greer v. Mitchell,* 264 F.3d 663, 675 (6th Cir. 2001) ("[W]hen the record reveals that the state court's reliance upon its own procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded."). Moreover, if the First District Court of Appeals had applied

Section 2953.23, as that section was described four years later in *Bethel*, then

the section would not have been an adequate and independent state ground that

would procedurally bar Petitioner's *Brady* claim.[5]  This is a reasonable

interpretation of how Section 2953.23 should be treated with respect to Ohio

state decisions that dismissed *Brady* claims before *Bethel*.

However, there is another method for Petitioner to receive a merits review.

If Petitioner can demonstrate a meritorious *Brady* violation, he will also have

made the requisite showing to excuse any putative procedural default, allowing

the Court to grant habeas relief.  *Hughbanks v. Hudson*, 2 F.4th 527, 535 (6th

Cir. 2021).  That is because the Supreme Court has held that "two of the three

elements of an alleged *Brady* violation, whether the evidence was suppressed by

the State and whether such suppressed evidence was material, constitute the

required cause and prejudice to excuse procedural default."  *Id.* at 535 (citing

*Strickler v. Greene*, 527 U.S. 263, 282 (1999)).

Since a meritorious *Brady* claim is, *ipso facto,* excused from any

procedural default, it is not necessary for the Court to decide whether

---

[5] Additionally, it could be argued that O.R.C. § 2953.23, as applied by the First District Court of Appeals to Petitioner's *Brady* claim, was not "adequate" to preclude federal review because it frustrates the assertion of a federal right without significantly advancing any important state policy. *See generally, James v. Kentucky,* 466 U.S. 341, 343–44 (1984); *Staub v. City of Baxley*, 355 U.S. 313, 320 (1958); *Brown v. Western Ry. of Ala.,* 338 U.S. 294, 295 (1949); *Hoffman v. Arave*, 236 F.3d 523, 531 (9th Cir. 2001).  For the same reasons explained herein, the Court need not determine the "adequateness" of O.R.C. § 2953.23.

Section 2953.23, as it was applied to Petitioner's Claim Three, is independent of federal law.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Section 2953.23 is not independent of federal law and does not procedurally default *Brady* claims that were dismissed by the Ohio state courts after the Supreme Court of Ohio decided *Bethel*. Because any putative procedural default of claims dismissed before *Bethel* is excused through a meritorious *Brady* claim, the Court will not decide whether Section 2953.23, as applied to Petitioner's *Brady* claim before *Bethel* was decided, is independent of federal law.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**